**STATE OF FLORIDA,**
**Plaintiff–Appellee,**

v.

**Joseph E. SIMANONOK,**
**Defendant–Appellant.**

No. 88–3283.

United State Court of Appeals,
Eleventh Circuit.

July 8, 1988.

Before TJOFLAT, KRAVITCH and JOHNSON, Circuit Judges.

BY THE COURT:

This case originated as a criminal action brought by the State of Florida against Simanonok for driving under the influence. Simanonok removed the action to federal district court. On March 30, the district court entered an order remanding the case to state court. Simanonok filed a motion for reconsideration of that order which was denied by the district court on April 7. Simanonok timely filed a notice of appeal on April 8.

Generally, a district court order remanding an action to the state court from which it was removed is not subject to appellate review. *See* 28 U.S.C. § 1447(d) (1982); *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976); *Loftin v. Rush,* 767 F.2d 800, 802 (11th Cir.1985). However, a

**1430**

district court order remanding a case to state court is reviewable in limited circumstances by writ of mandamus. *Thermtron Products*, 423 U.S. at 352–53, 96 S.Ct. at 594; *In re Federal Sav. & Loan Ins. Corp.*, 837 F.2d 432, 434 n. 3, 436 (11th Cir.1988). Treated as such, Simanonok's application for review should be denied because the district court clearly did not abuse its discretion in remanding this criminal proceeding to state court.

Simanonok removed this case pursuant to 28 U.S.C. § 1442a (1982), which provides as follows:

> A civil or criminal prosecution in a court of a State of the United States against a member of the armed forces of the United States on account of an act done under color of his office or status, or in respect to which he claims any right, title, or authority under a law of the United States respecting the armed forces thereof, ... may at any time before the trial ... be removed for trial into the district court of the United States for the district where it is pending in the manner prescribed by law....

For a state criminal prosecution to come within this provision,[1] according to the Supreme Court, "[t]here must be [a] causal connection between what the officer has done under asserted official authority and the state prosecution." *Maryland v. Soper*, 270 U.S. 9, 33, 46 S.Ct. 185, 190, 70 L.Ed. 449 (1926).

In this case, Simanonok is retired and does not appear to have been involved in any official duties at the time of the accident. Indeed, he has not even contended that he was involved in official business at the time of his arrest. Rather, citing *Solorio v. United States*, —— U.S. ——, 107 S.Ct. 2924, 97 L.Ed.2d 364 (1987), he claims that his "status" as a member of the armed forces is alone sufficient to justify removal under this provision. That is simply not the case. In *Solorio*, the Supreme Court

held that a court-martial convened pursuant to the Uniform Code of Military Justice had jurisdiction over charges of sexual abuse by a serviceman even though the crimes were not "service connected." The decision in no way limits the authority of the states to prosecute offenses against their criminal laws or widens the scope of removal pursuant to section 1442a.

Therefore, the district court clearly did not abuse its discretion in remanding this case to state court. Accordingly, Simanonok's petition for a writ of mandamus is DENIED.

---

1. Clearly, the party seeking removal must also be a member of the armed forces. While Simanonok is retired, he may still be considered a member of the armed forces for some purposes. *See generally McCarty v. McCarty*, 453 U.S. 210,

101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). Accordingly, at least one district court has concluded that being retired is no bar to invoking section 1442a. *See Matter of Marriage of Smith*, 549 F.Supp. 761, 765 (W.D.Tex.1982).