**George SMITH, et al.**

v.

**ANADRILL, INC., et al.**

**Civ. A. No. G–91–38.**

United States District Court,
S.D. Texas,
Galveston Division.

March 22, 1991.

James B. McIver, Law Office of Harry C. Arthur, Houston, Tex., for plaintiffs.

Randall W. Wilson, Eric J. Mayer, Susman, Godfrey & McGowan, Houston, Tex., for defendants.

John R. Pearson, James Cooper, Sewell & Riggs, Houston, Tex., for defendants Reading & Bates, Union Oil, and Union Exploration.

Ross Citti, Mark Kelley, Mills, Shirley, Eckel & Bassett, Galveston, Tex., for defendant Anadrill, Inc.

### ORDER

HUGH GIBSON, District Judge.

Before the Court is plaintiffs' Motion to Remand and Motion for Costs, Fees, and Sanctions. For the reasons that follow, the Motion to Remand is GRANTED, the Motion for Costs, Fees, and Sanctions is DENIED.

### Discussion

On December 25, 1987, Lonnie Eugene Smith ("Decedent") fell to his death from

an offshore drilling platform located approximately eighty (80) miles off the coast of Freeport, Texas. On May 19, 1988, Decedent's parents filed suit individually and on behalf of their son's estate in the District Court of Brazoria County, Texas. Plaintiffs sought damages under the Jones Act,[1] the Texas Wrongful Death and Survival Statute,[2] General Federal Maritime Law, and the Death on the High Seas Act.[3] On or about June 20, 1989, plaintiffs amended their complaint to add a cause of action under the Longshore Harbor Workers Act,[4] and under the Outer Continental Shelf Lands Act.[5]

On January 18, 1991, a partial order of dismissal was entered with respect to all of plaintiffs' claims against Anadrill, Inc. ("Anadrill"), Decedent's employer. On January 28, 1991, defendants filed a notice of removal, asserting that the bar to removal of the case was lifted by plaintiffs' voluntary dismissal of Decedent's employer, which consequently dismissed plaintiffs' Jones Act claim.

On February 20, 1991, plaintiffs filed the instant motions, claiming that plaintiffs pled a claim under the Jones Act against all defendants,[6] and therefore the Jones Act claim was still viable. Plaintiffs also argued that defendants did not timely remove the action after they received notice that plaintiffs were going to settle all claims with Anadrill, and that defendants invoked the jurisdiction of the state court after Anadrill was dismissed, thereby waiving any right to removal. The state court case has been set for trial in May, 1991.

The Court finds that defendants did not timely remove this cause of action after notice of the existence of a removable federal claim. The federal district court has original jurisdiction to resolve federal statutory causes of action, such as plaintiffs' claims under the Longshore Harbor Workers Act and the Outer Continental Shelf Lands Act. Therefore, under 28 U.S.C. § 1441, defendants were entitled to have those claims heard in a federal forum.

■ Defendants assumed that so long as a viable Jones Act claim was asserted, no claim was removable. Defendants were mistaken. Claims based on these statutes are not admiralty/maritime claims within the meaning of the Saving to Suitors Clause,[7] therefore, that section will not bar removal. Moreover, there is no prohibition against removal in either the Longshore Harbor Workers Act or the Outer Continental Shelf Lands Act, as there is in the Jones Act.[8] Absent some express prohibition on removal, defendants had the right to remove the two federal question claims asserted by plaintiffs. Because defendants did not file their notice of removal with respect to those claims within thirty days after they were first asserted, defendants' removal is not timely.

## Conclusion

Because defendants' notice of removal was not timely filed, it is ORDERED that

---

1. 46 U.S.C.App. § 688.

2. Texas Civil Practice and Remedies § 71.001.

3. 46 U.S.C.App. § 761.

4. 33 U.S.C. § 905.

5. 43 U.S.C. § 1333.

6. Plaintiff has conceded, however, that none of the remaining defendants was decedent's employer at the time of his death.

7. 28 U.S.C. § 1333.

8. 28 U.S.C. § 1445 provides in part:
   § 1445. Nonremovable actions

   (a) A civil action in any State court against a railroad or its receivers or trustees, arising under sections 51–60 of Title 45, may not be removed to any district court of the United States.
   This prohibition against removal has been held to apply to claims under the Jones Act. Subsection (a) of 46 U.S.C.App. § 688 provides in part:
   (a) Application of railway employee statues; jurisdiction
   Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply....

458

plaintiffs' Motion to Remand is GRANTED. Plaintiffs Motion for Costs, Fees, and Sanctions is DENIED. This case is hereby REMANDED to the District Court of Brazoria County, Texas, 149th Judicial District.