George SMITH, Individually and as Independent Administrator of the Estate of Lonnie Eugene Smith, Deceased, and Polly Smith, Mother of the Deceased

v.

ANADRILL, INC., Reading & Bates Corp., Union Oil Company of California, Union Exploration Partners Ltd., Marathon Mfg. Company, Marathon Letourneau Company.

Civ. A. No. G–91–38.

United States District Court,
S.D. Texas,
Galveston Division.

April 24, 1991.

**1268**

James B. McIver, Law Office of Harry C. Arthur, Houston, Tex., for plaintiffs.

Randall W. Wilson, Eric J. Mayer, Susman & Godfrey, Houston, Tex., for defendants.

John R. Pearson, James Cooper, Sewell & Riggs, Houston, Tex., for Reading & Bates Corp., Union Oil Co. of California and Union Exploration Partners Ltd.

Ross Citti, Mark Kelley, Mills, Shirley, Eckel & Bassett, Galveston, Tex., for Anadrill, Inc.

## ORDER

HUGH GIBSON, District Judge.

Before the Court is defendants Union Oil Company of California and Reading & Bates Corp.'s Motion for Reconsideration of this Court's March 22, 1991 order remanding this case to the state court. 761 F.Supp. 456.

Defendants assert that 28 U.S.C. § 1445(a) prohibits removal of any "civil action" by a seaman under the Jones Act,[1] and therefore *all claims* filed with a Jones Act claim in a single action are non-removable unless they are "separate and independent" claims within the meaning of § 1441(c). Without further support, defendants then argue that plaintiffs' Jones Act, Outer Continental Shelf Lands Act ("OCSLA") and Longshoremen's and Harbor Workers' Compensation Act ("LHWCA") claims were not "separate and independent" claims and therefore, § 1441(c) would not have permitted removal of the OCSLA and LHWCA claims to federal court until the Jones Act claim was dismissed. The Court does not agree.

There is no question that a Jones Act claim filed in state court is not removable to federal court. The issue before the Court is whether any claim filed with a Jones Act claim is removable. For resolution of this issue the Court looks to the first three subsections of the removal statute, 28 U.S.C. § 1441.

> Any Seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply....

---

1. Section 1445(a) provides:
   A civil action in any State court against a railroad or its receivers or trustees, arising under sections 51–60 of Title 45, may not be removed to any district court of the United States.
   By 46 U.S.C.App. § 688, this section was applied to seaman cases brought under the Jones Act. That section provides in part:
   (a) Application of railway employee statutes; jurisdiction

Section 1441(a) of the statute permits removal of any civil action that encompasses claims falling within the original jurisdiction of the district court, unless otherwise prohibited.[2] That is, claims founded upon federal law, as well as those claims not founded upon federal law, but which share a common nucleus of operative facts, may be removed to the district court and adjudicated in a federal forum in its entirety, pursuant to the doctrine of pendant jurisdiction. Section 1441(b) permits removal of any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, laws or treaties of the United States.[3] Finally, § 1441(c) gives the district court the power to retain jurisdiction over claims removed to that court, that would otherwise not be within the court's jurisdiction, when those claims have been removed with other separate and independent, removable claims.[4] Section 1445(a), by 46 U.S.C.App. § 688, excepts Jones Act claims filed in state court from the removal statute altogether.

The Court agrees with defendants that the OCSLA and LHWCA claims were not separate and independent from the Jones Act claim, within the meaning of § 1441(c), and thus were not removable under that section. However, this finding is not dispositive because the Court finds that the case became removable under §§ 1441(a) and (b) when the OCSLA and LHWCA claims were added.

"Since Congress has specifically prohibited removal in certain areas of concurrent jurisdiction, its omission or failure to do so in others indicates that federal removal jurisdiction is retained." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir.1988). Congress has expressly prohibited removal of Jones Act cases. It has not, however, inserted a similar prohibition in the OCSLA and the LHWCA. Claims founded upon rights conferred by these statutes are thus removable federal claims, and defendants were therefore entitled to have them adjudicated in federal court so long as they complied with the statutorily prescribed procedures.[5]

Because defendants failed to file their notice of removal within thirty days of the addition of the OCSLA and LHWCA claims to plaintiffs' complaint, their subsequent removal on January 28, 1991, was untimely, and therefore improvident. Defendants' Motion for Reconsideration must therefore be DENIED.

IT IS SO ORDERED.

2. Section 1441(a) provides:
   Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

3. Section 1441(b) provides, in part:
   Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

4. Section 1441(c) provides:
   Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

5. Of course, the Court would have had to remand the Jones Act claim and the claims under general maritime law. 28 U.S.C. §§ 1333, 1441(a), and 1445(a).