**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-12600

Non-Argument Calendar

————————————————

JAMES MALVEZZI,

*Plaintiff-Appellant,*

*versus*

STATE OF FLORIDA,

Martin County,

CLERK OF COURT OF MARTIN COUNTY, FLORIDA,

CLERK OF COURT OF 4TH DISTRICT COURT OF APPEAL,

CLERK - FLORIDA SUPREME COURT,

4 OFFICERS OF MARTIN COUNTY SHERIFF OFFICE,

in their official capacity and personally, et al.,

*Defendants-Appellees.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:24-cv-14220-AMC

————————————————

_____

No. 24-13051
Non-Argument Calendar
_____

JAMES MALVEZZI,

*Plaintiff-Appellant,*

*versus*

STATE OF FLORIDA,
   Martin County,
CLERK OF COURT OF MARTIN COUNTY,
FLORIDA, CLERK OF COURT OF 4TH DISTRICT COURT OF
APPEAL,
CLERK - FLORIDA SUPREME COURT,
THE 4 OFFICERS OF MARTIN COUNT SHERIFF OFFICE et al.,
   in their official capacity and personally,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:24-cv-14220-AMC
_____

Before JORDAN, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

James Malvezzi, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his action against the State of Florida and several government officials. The district court dismissed the action because it determined that Malvezzi had improperly

removed a pending criminal case from state court. But Malvezzi's filing, liberally construed, was a complaint that raised federal civil rights claims against the defendants. After careful review, we conclude that the district court erred by failing to construe Malvezzi's filing as a complaint. Accordingly, we vacate and remand for further proceedings.

## I.

Malvezzi is a Florida citizen who filed an action in the Southern District of Florida. He initiated the action by filing a document entitled "Notice of Removal and Constitutional Complaint of the Terminated State Criminal Prosecution and New Matters to Federal Court." In this filing, he named as defendants the "State of Florida Martin County"; the Clerk of Court of Martin County, in his official and individual capacities; the Clerk of Court of the Fourth District Court of Appeal of Florida, in his official and individual capacities; the Clerk of the Supreme Court of Florida, in his official and individual capacities; four officers of the Martin County sheriff's office, in their official and individual capacities; a Florida state court judge in his individual capacity; and two assistant state attorneys, in their official and individual capacities.

In the filing, Malvezzi alleged that, in November 2023, the defendants assaulted him with physical force and falsely accused him of a crime. As a result of the false accusation, Malvezzi alleged, he was named as a defendant in a criminal case in Florida state court in Martin County. He alleged that in the state court case the defendants prevented him from submitting evidence, including a

video of the attack. He also alleged that the defendants had conspired with each other to violate his constitutional rights. In the filing, he purported to bring claims against the defendants under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. He asserted that the district court had jurisdiction pursuant to 28 U.S.C. § 1343.[1] He demanded $10 million in damages.

Shortly after Malvezzi submitted his filing, the district court dismissed the action. It construed Malvezzi's filing as a notice of removal that purported to remove his state criminal case to federal court. The court concluded that such removal was improper and directed the clerk of court to close the case. In reaching this conclusion, the court expressly found that Malvezzi "has not filed a complaint in this action."

Malvezzi filed a notice of appeal. After filing the notice of appeal, he filed in the district court an application for clerk's entry of default as well as a motion for reconsideration. The district court concluded that it lacked jurisdiction to review these requests because of Malvezzi's pending appeal. Malvezzi filed a second notice of appeal.

Both Malvezzi's appeals are presently before us.

---

[1] This provision gives district courts "original jurisdiction of any civil action" brought by a person "[t]o redress the deprivation, under color of any State law . . . of any right . . . secured by the Constitution of the United States." 28 U.S.C. § 1343(a)(3).

### III.

Under the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. The question before us in this appeal is whether Malvezzi's initial filing in this case was a complaint.

Because Malvezzi was proceeding *pro* se, the district court was required to liberally construe his pleadings. *See Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). His initial filing, when liberally construed, was a complaint. It was formatted like a complaint. It had a caption that set forth all the required information, including the court's name, a file number, and the names of all parties. *See* Fed. R. Civ. P. 10(a). The caption also included a title identifying the filing as a complaint. In addition, the filing contained all the information that is required in a complaint. It set forth the basis for invoking the court's jurisdiction, a statement showing why Malvezzi believed he was entitled to relief, and a demand for relief. *See* Fed. R. Civ. P. 8(a). Given the filing's content, we conclude that the district court erred in failing to construe it as a complaint. Accordingly, we vacate and remand for the district court to treat it as a complaint.[2]

---

[2] We agree with the district court that to the extent that Malvezzi's filing sought to remove his pending state criminal proceedings to federal court, removal was improper. Federal law permits the removal of a state criminal action to federal court in narrow circumstances only. *See, e.g.*, 28 U.S.C. §§ 1442; 1442a; 1443. Malvezzi's filing did not establish that removal was appropriate under any of these statutes. *See State v. Meadows*, 88 F.4th 1331, 1338 (11th Cir. 2023) (addressing when federal officer removal may remove a state criminal

We caution that we make no decision today about whether the allegations in Malvezzi's complaint are sufficient to state a claim for relief. We also do not decide whether his claims are barred for any other reason, such as sovereign immunity, or whether the district court should abstain from reviewing the claims in the complaint while Malvezzi's state court criminal case is pending. Nothing in our decision today bars the district court, upon remand, from considering these issues or others, aside from whether the filing is a complaint.

Because we conclude that the district court erred and remand for further proceedings, we do not reach the additional issues of whether the district court erred when it concluded that it lacked jurisdiction to review Malvezzi's application for clerk's entry of default or his motion for reconsideration.

For the above reasons, we vacate the district court's order dismissing the action and remand the case for further proceedings not inconsistent with this opinion.[3]

**VACATED AND REMANDED.**

---

proceeding under § 1442); *Florida v. Simanonok*, 850 F.2d 1429, 1430 (11th Cir. 1988) (addressing when member of the armed forces may remove a state criminal proceeding under § 1442a); *Georgia v. Rachel*, 384 U.S. 780, 788 (1966) (setting forth when a state criminal prosecution may be removed to federal court under § 1443 because the defendant is denied or cannot enforce in state court a right under any law providing for equal civil rights).

[3] Malvezzi's motion demanding his release from state prison is DENIED.