Peggy SMITH, Individually, and as Mother and Next Friend of Ginny Irene Smith, and Charles A. Smith, Plaintiffs,

v.

HMO GREAT LAKES, a corporation, John Viverito, Thomas Liang Gan, Bharthi B. Rao, Keun Cha, Ellen Franks, Delnor Community Hospital, a corporation, Defendants.

No. 93 C 5217.

United States District Court,
N.D. Illinois,
Eastern Division.

May 11, 1994.

Kenneth Craig Chessick, Tracey Lynn Thorpe, Law Office of Kenneth C. Chessick, Schaumburg, IL, for plaintiffs.

Vincent P. Tomkiewicz, Conklin & Roadhouse, Alan J. Schumacher, Michael Gerard Bruton, Pretzel & Stouffer, Chtd., Chicago, IL, for defendants John Viverito and HMO Great Lakes.

Brian C. Fetzer, Timothy J. McKay, Johnson & Bell, Ltd., Chicago, IL, for defendant Keun Cha.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Plaintiffs Peggy Smith and Charles Smith originally filed a sixteen-count complaint on behalf of themselves and their child Ginny Irene Smith in the Circuit Court of Cook County, Illinois, against defendants HMO Great Lakes ("HMO"), John Viverito, Thomas Liang Gan, Bharthi B. Rao, Keun Cha, Ellen Franks and Delnor Community Hospital alleging medical malpractice. Defendant HMO removed this case from state court into federal court on August 25, 1993, pursuant to 28 U.S.C. § 1441(b), stating that this court has original subject matter jurisdiction based upon § 502(e) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e), and 28 U.S.C. § 1331.

Defendant John Viverito has filed a motion to sever the causes of action plead against him from the causes of action alleged against defendant HMO and to remand the causes of action against him back to the Circuit Court of Cook County, Illinois. Defendant HMO has also filed a motion to dismiss plaintiffs' complaint or, in the alternative, a motion for summary judgment arguing that plaintiffs' claim is preempted by ERISA. For the reasons stated below, defendant Viverito's motion to sever and remand is moot, defendant HMO's motion to dismiss is denied, and defendant HMO's motion for summary judgment is denied.

## BACKGROUND

Defendant HMO contracted with plaintiff Charles Smith's employer, Savin, Inc., to ar-

range health care services for eligible employees who enroll in the plan.[1]  Charles Smith was a beneficiary of Savin's employee health benefit plan and enrolled in defendant HMO's plan for himself, and his dependents, including his wife, Peggy Smith and Ginny Irene Smith, his daughter.  Defendant HMO is under contract with Delnor Community Hospital, whereby Delnor is to make medical facilities available to HMO members and the physicians who treat the plan members.[2]  On November 17, 1988, Mrs. Peggy Smith, while under the care of Dr. John Viverito, Dr. Bharthi Rao, Dr. Ellen Franks, Dr. Thomas Liang Gan, Dr. Keun Cha and Delnor Community Hospital, gave birth by caesarian section to Ginny Irene Smith.  Plaintiffs claim that defendants failed to properly care for and deliver Ginny and that she suffers from severe disabilities as a result of fetal distress during her birth.

Plaintiffs allegations against defendant HMO are as follows:

10.  Upon information and belief, defendant Gan and defendant HMO had a contract which created financial penalties if defendant Gan obtained consultations from specialty physicians who contracted with defendant HMO.

11.  Upon information and belief, defendant Gan and defendant HMO had a contract which prohibited or limited defendant Gan from obtaining medical consultations from other specialty physicians who did not contract with defendant HMO.

12.  Upon information and belief, defendant Gan and defendant HMO had a contract which created financial penalties if defendant Gan admitted or transferred the plaintiffs to other hospitals who contracted with defendant HMO.

13.  Upon information and belief, defendant Gan and defendant HMO had a contract which prohibited or limited defendant Gan from admitting or transferring the plaintiffs to other hospitals who did not contract with defendant HMO.

18.  On November 16, 1988, and thereafter, defendant HMO and defendant Del-

nor and defendant Gan negligently breached their aforesaid duty through one or more of the following acts and/or omissions:

(a) failed to obtain a consultation by an obstetrician-gynecologist skilled in the treatment of high risk pregnancies; and/or,

(b) failed to properly provide reasonable preoperative, postoperative care and treatment to the plaintiffs; and/or,

(c) failed to obtain a reasonable consultation by a pediatrician; and/or,

(d) failed to obtain a consultation by a neonatologist; and/or,

(e) failed to obtain a consultation by a neurologist; and/or,

(f) failed to admit the patient to a hospital reasonably equipped and staffed to diagnose and treat high risk pregnancies; and/or,

(g) failed to admit the patient to a hospital reasonably equipped and staffed to diagnose and treat neonatal complications.

## ANAYLSIS

Defendant HMO removed this case from state court into federal court on August 25, 1993, pursuant to 28 U.S.C. § 1441(b), stating that this court has original subject matter jurisdiction based upon § 502(e) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e), and 28 U.S.C. § 1331.  Defendant HMO then filed a motion to dismiss plaintiffs' complaint or, in the alternative, a motion for summary judgment, arguing that plaintiffs' claim is preempted by ERISA.

This court's analysis must begin with a review of the relevant portions of ERISA. ERISA's preemption provision provides as follows:

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any

1.  See HMO Great Lake's Local Rule 12(m) Statement of Facts, Exhibit B–1.

2.  Id. at Exhibit B–4.

employee benefit plan described in section 1003(a) of this title.

29 U.S.C. § 1144(a).

ERISA jurisdiction is vested largely, though not completely, in the federal courts:

(1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsections (a)(1)(B) of this section.

(2) Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e).

Plaintiffs have not brought an action against any defendants under ERISA. If plaintiffs' state law claims against defendant HMO relate to an employee benefit plan, however, they are preempted under ERISA. If plaintiffs' state law claims are preempted, dismissal is appropriate, but if they are not, the case should be remanded in its entirety to state court.

The difficulty in evaluating this issue is that the controlling decisions of the United States Supreme Court and the Seventh Circuit, while making extremely broad statements regarding preemption, involve very different factual situations. Several lower court decisions, stressed by the plaintiffs, which deal with more factually similar cases, take a more circumspect view of preemption.

The Supreme Court has *not* indicated that all state law actions are preempted under ERISA. Some state actions may effect an employee benefit plan in " 'too tenuous, remote, or peripheral' " a manner to warrant a finding that the state action "relates to" the covered plan. *District of Columbia v. G.R. Wash. Bd. of Trade,* —— U.S. ——, —— n. 1,

113 S.Ct. 580, 583 n. 1, 121 L.Ed.2d 513 (1992) (quoting *Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 2901 n. 21, 77 L.Ed.2d 490 (1983)). The Court held that certain "run-of-the-mill state-law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan," although affecting and involving the ERISA plan, are not preempted by ERISA. *Mackey v. Lanier Collection Agency & Service,* 486 U.S. 825, 833, 108 S.Ct. 2182, 2187, 100 L.Ed.2d 836 (1988).

The Seventh Circuit, like the Supreme Court, has used very broad language regarding preemption, while also indicating that preemption is not limitless under ERISA. The Seventh Circuit broadly stated the preemption rules in *Bartholet v. Reishauer A.G.,* 953 F.2d 1073 (7th Cir.1992). "Congress has blotted out (almost) all state law on the subject of pensions, so a complaint about pensions rests on federal law no matter what label its author attaches." *Id.* at 1075.

The Seventh Circuit has indicated, however, that ERISA preemption does have limits. In *Pohl v. National Benefits Consultants, Inc.,* 956 F.2d 126, 128 (7th Cir.1992), the court held that an employee's claim against a plan administrator for state law misrepresentation was preempted. The court stated that, while plaintiffs classified their remedy as "damages for being misled," the claim was really the functional equivalent of a claim for benefits under the plan. *Pohl,* 956 F.2d at 128. The court stated that ERISA preempts any "effort to use state law to obtain benefits." *Id.* at 127. The court, however, noted that while ERISA preemption is broad, it is not so broad that "related to" must be taken literally. *Id.* at 128. The example given by the Seventh Circuit of a "related matter" which should clearly not be preempted was a claim for negligence against plan administrator based on a plan participant slipping on a banana peel in the office of the plan administrator. *Id.*

In this case, plaintiffs are not asserting any claims under ERISA, nor are plaintiffs using state law to obtain insurance benefits. In addition, plaintiffs' negligence and professional malpractice claims against defendant HMO are based not on the insurance plan

between HMO and plaintiff Charles Smith but on the principles of professional malpractice and the contractual relationships between defendant HMO and the doctors who treated Ginny. These claims have nothing to do with any denial of plaintiffs' rights under the plan. *See Independence HMO, Inc. v. Smith,* 733 F.Supp. 983, 988 (E.D.Pa.1990). Plaintiffs' claims against HMO are based on HMO's contractual relationships with its participating doctors. Plaintiffs allege that HMO is responsible for the allegedly medically negligent treatment of Ginny Smith by HMO doctors. *See Elsesser v. Hospital of Philadelphia College,* 802 F.Supp. 1286, 1290 (E.D.Pa.1992) (In case where plaintiffs were seeking to hold an HMO vicariously liable for the actions of its participating doctors upon the negligence theory of ostensible or apparent agency, court held that plaintiffs' negligence claims against the HMO were not preempted by ERISA.). Clearly plaintiffs' claims against HMO would not exist but for the existence of an insurance benefits plan between plaintiff Charles Smith and HMO, yet these claims are not preempted because the connection between the claims against the HMO and the plan is too remote to warrant a finding that the state action "relates to" the covered plan. *See District of Columbia,* —— U.S. at —— n. 1, 113 S.Ct. at 583 n. 1.

In addition, plaintiffs have brought this action on their own behalf, not on behalf of the employee plan, and any damages received will go to the plaintiff and not to the plan. The outcome of the lawsuit would not effect the plan and there will be no determination of whether any benefits are due to any party. Further, plaintiffs' claims, which amount to professional malpractice and negligence, are claims that are traditionally covered by state law, and the court is reluctant to interpret ERISA as preempting this area of state law without some evidence of a Congressional intent to do so. *See Mackey,* 486 U.S. at 831, 108 S.Ct. at 2185–86. Redressing state professional malpractice claims in no way conflicts with the provisions and poli-

cies of ERISA. *See Painters of Philadelphia Dist. Council No. 21 Welfare Fund v. Price Waterhouse,* 879 F.2d 1146, 1153 n. 7 (3rd Cir.1989) (Court held that ERISA does not generally preempt state professional malpractice actions because "in the absence of an explicit corresponding provision of ERISA allowing a professional malpractice cause of action, Congress did not intend to preempt a whole panoply of state law in this area." *Id.*).

Because plaintiffs' claims against defendant HMO are not the functional equivalent of claims for benefits and do not rely on obligations under plaintiff Charles Smith's employee health care plan, the court concludes that plaintiffs' state law negligence claims against defendant HMO do not "relate to an employee benefit plan," and, are therefore, not preempted by ERISA. Because plaintiff's state law claims are not preempted by ERISA, dismissal of these claims against HMO is not appropriate and the case should be remanded to state court for lack of federal subject matter jurisdiction.[3]

## CONCLUSION

For the reasons stated above, defendant Viverito's motion to sever and remand is MOOT, defendant HMO's motion to dismiss is DENIED, and defendant HMO's motion for summary judgment is DENIED. This entire cause of action is remanded to the Circuit Court of Cook County, FORTHWITH.

---

3. The court also finds defendant Dr. John Viverito's motion to sever and remand to be moot in light of this court's decision to remand the entire case to the Circuit Court of Cook County. Defendant Viverito's motion to sever was based solely on his desire to return to state court to litigate plaintiffs' state claims against him.