John ANGONE, Plaintiff,

v.

990 LAKE SHORE DRIVE HOME OWNERS ASSOCIATION, INC., the Home Insurance Company and Eva Diossy, Defendants.

No. 94 C 4644.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 14, 1994.

378

John Thomas Moran, Law Office of John T. Moran, Chicago, IL, for plaintiff.

Ronald Wilder, Eva Diossy, and Scott C. Tomassi, Schiff, Hardin & Waite, Chicago, IL, for 990 Lake Shore Drive Home Owners Ass'n, Inc. and for defendant 20 North Wacker Drive–Suite 2100.

Nunzio C. Radogno, David E. Stevenson, and Amy McKeever Toman, Williams & Montgomery, Chicago, IL, for the Home Ins. Co.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is plaintiff John Angone's Motion for Remand to State Court.

### I. INTRODUCTION

Defendants removed this case from the Circuit Court of Cook County, Illinois, to this court. Counts I (Retaliatory Discharge) and II (Conspiracy to Discharge) were removed on the basis of federal question jurisdiction, grounded in preemption by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1144, and by the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Count III (Libel) is asserted to be otherwise removable under 28 U.S.C. § 1441(c).

Plaintiff now moves for remand. Plaintiff's motion raises two issues: (1) whether the case is non-removable under 28 U.S.C. § 1445(c) as a civil action arising under the workers' compensation laws of Illinois; and (2) whether federal preemption truly operates here, raising the question of federal subject-matter jurisdiction in general.

The court considers first the Section 1445(c) issue, and then the issue of whether federal subject-matter jurisdiction exists.

### II. SECTION 1445(c)

■ 28 U.S.C. § 1445(c) directs that a civil action in state court arising under the workers' compensation laws of that state may not be removed to federal court. Section 1445(c) is put at issue here because the claimed retaliatory discharge is allegedly in retaliation for the filing of a workers' compensation claim. So, does such a retaliatory discharge claim arise under Illinois workers' compensation laws for purposes of Section 1445(c)?

The Seventh Circuit in *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722 (7th Cir. 1994), has answered that it does not. "That workers' compensation law is a premise of the [retaliatory discharge] tort does not

mean that the tort 'arises under' the workers' compensation laws." *Id.* at 725. Plaintiff argues that *Spearman* is in conflict with the superior authority of *Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). The *Spearman* court interpreted a possible ambiguity in the *Lingle* Supreme Court opinion by holding that *Lingle* did not alter the Seventh Circuit's Section 1445(c) holdings. The Seventh Circuit having made that much clear, the result in this case is easily reached: plaintiff's cause of action does not arise under state workers' compensation law, and therefore Section 1445(c) does not render the case non-removable.

### III. SUBJECT–MATTER JURISDICTION

Passing Section 1445(c), of course, does not resolve the larger subject-matter jurisdiction question. Defendant claims federal question jurisdiction based on preemption by the LMRA and ERISA, each considered separately.

#### A. LMRA Preemption

There are two separate disputes here regarding two different counts: Count I, alleging straight retaliatory discharge, and Count II, alleging conspiracy to discharge.

##### 1. Count I: Retaliatory Discharge

■ Count I of the Complaint alleges retaliatory discharge in response to plaintiff's filing a workers' compensation claim. (Complaint at Law ¶ 25.) As the briefing drew to a close, there appeared to be no serious opposition to the argument that such a claim is not preempted by the LMRA.

The conclusion that the straight retaliatory discharge claim is not preempted by the LMRA follows from the Supreme Court's decision in *Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). The *Lingle* Court explained:

"[T]o show retaliatory discharge, the plaintiff must set forth sufficient facts from which it can be inferred that (1) he was discharged or threatened with discharge and (2) the employer's motive in discharging or threatening to discharge him was to

deter him from exercising his rights under the Act or to interfere with his exercise of those rights." Each of these purely factual questions pertains to the conduct of the employee and the conduct and motivation of the employer. Neither of the elements requires a court to interpret any term of a collective-bargaining agreement. To defend against a retaliatory discharge claim, an employer must show that it had a non-retaliatory reason for the discharge; this purely factual inquiry likewise does not turn on the meaning of any provision of a collective-bargaining agreement. Thus, the state-law remedy in this case is "independent" of the collective-bargaining agreement in the sense of "independent" that matters for § 301 pre-emption purposes: resolution of the state-law claim does not require construing the collective-bargaining agreement.

*Id.* at 407, 108 S.Ct. at 1882 (citations and footnote omitted).

Here the relationship of the retaliatory discharge tort to the collective bargaining agreement is no different than in *Lingle,* and it is therefore equally clear that LMRA preemption may not be the basis for federal subject-matter jurisdiction on Count I.

##### 2. Count II: Conspiracy to Discharge

■ Count II alleges an illegal agreement among various individuals to discharge plaintiff based on fears related to his workers' compensation claim. The count further alleges that plaintiff was "terminated pursuant to and in furtherance of the defendant's common plan to retaliate against Plaintiff for exercising his rights under the Illinois Worker's Compensation Act." (Complaint at Law ¶ 35.)

Defendants argue that the conspiracy count is preempted (despite *Lingle*), because in *Talbot v. Robert Matthews Distributing Co.,* 961 F.2d 654, 661–62 (7th Cir.1992), the Seventh Circuit held that an Illinois common law fraud count was preempted by Section 301 of the LMRA, 29 U.S.C. § 185.

The *Talbot* rationale, however, does not apply here, especially when seen through the lens of the Supreme Court's *Lingle* decision. The *Talbot* court held that since the Illinois

common law fraud claim depended on reference to the collective bargaining agreement, such a claim was preempted. However, the *Lingle* Court having held the Illinois retaliatory discharge tort does not invite preemption by the LMRA, this court cannot find any additional element to the conspiracy count that would implicate the collective bargaining agreement any more than the straight retaliatory discharge count.

Accordingly, LMRA preemption does not provide the basis for federal subject matter jurisdiction.

## B. *ERISA Preemption*

The basics of ERISA preemption law as it relates to this case are undisputed. ERISA explicitly "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). An employee benefit plan includes a "welfare benefit plan" defined as a "plan, fund, or program which ... provid[es] for its participants ... benefits in the event of sickness, accident, disability, death or unemployment." *Id.* § 1002(1).

 Defendants' preemption theory is that plaintiff's retaliatory discharge and conspiracy claims "relate to" the benefit plan, specifically the leave-of-absence provision for injury. Defendants claim that plaintiff now seeks to amend the benefit plan because he seeks a longer leave of absence than that provided under the plan.

 Indisputably, plaintiff has not brought an ERISA claim. Accordingly, the question becomes whether the claims relate to an ERISA plan. *See Smith v. HMO Great Lakes,* 852 F.Supp. 669, 671 (N.D.Ill.1994). As Judge Holderman, surveying the law, recently pointed out, deciding whether a claim "relates to" an ERISA plan for ERISA preemption purposes is not a formulaic exercise. On one hand the coverage of ERISA is interpreted broadly, but on the other hand the concept of relatedness does have its limits. *Id.* (citing cases). "[W]hile ERISA preemption is broad, it is not so broad that 'related to' must be taken literally." *Id.*

The court does not view Counts I and II as preempted by ERISA. The counts have a number of aspects that courts have viewed as avoiding ERISA preemption. First, plaintiff brings this action on his own behalf (not on behalf of the plan), and the case will not determine benefits due to any party. *See id.* at 672. Second, plaintiff's retaliatory discharge claim is clearly one of state tort law, a traditional state concern. *See id.* Third, the case does not involve retaliation for claiming a plan benefit, a distinction found important in *Dunning v. Chemical Waste Management, Inc.,* No. 91 C 2502, 1992 WL 175508, at *2, 4, n. 1, 1992 U.S.Dist. LEXIS 11101, at *5, n. 1 (July 23, 1992), where Judge Williams held a retaliation claim of that sort was preempted.[1]

## CONCLUSION

Plaintiff's Motion for Remand is granted. This entire cause of action is remanded to the Circuit Court of Cook County, Illinois, County Department, Law Division.

---

1. With no basis for federal jurisdiction on Counts I and II, there is no basis on Count III, since defendants' attempt to remove Count III was based on 28 U.S.C. § 1441(c), allowing for the complete removal of a case that contains claims not independently removable.