**David RICE, Plaintiff,**

v.

**Kanu PANCHAL, M.D.; Rodrigo Sotillo, M.D.; Rodrigo Sotillo, P.C., a corporation, and Prudential Health Care Plan, Inc., a corporation, Defendants.**

**No. 94 C 3921.**

United States District Court, N.D. Illinois, Eastern Division.

Dec. 8, 1994.

Susan Elizabeth Loggans, Susan E. Loggans and Associates, Chicago, IL, for plaintiff David Rice.

Joseph J. Hasman, David Faulkner Schmidt, Peterson & Ross, Chicago, IL, for defendant Prudential Health Care Plan, Inc., a corp.

### MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

Does the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, preempt a participant in an ERISA plan from suing that plan under a state common law theory of *respondeat superior* based on malpractice by the plan's health care providers?

In this case, the Plaintiff, David Rice ("Rice"), belonged to a health care program set up by his employer, Handy Andy, and administered by the Defendant, Prudential Health Care Plan, Inc. ("PruCare"). PruCare selected health care providers for the plan participants, and PruCare paid, at least in part, the participant's bills. Rice consulted two of those selected providers who, he claims, failed to diagnose properly his medical condition, causing serious injury. Rice began his case in the state court, suing two health care providers (Defendant Doctors Panchal and Sotillo and Dr. Sotillo's professional corporation) for malpractice. Rice also named PruCare as a Defendant, alleging that PruCare is responsible for the medical malpractice of the two doctors based on *respondeat superior.* PruCare removed to this court and promptly filed a motion to dismiss, claiming that:

1.  ERISA preempts Rice's common law claim of *respondeat superior;* and

2.  ERISA provides no remedy to Rice for such a claim, and thus PruCare must be dismissed and the remainder of the case (the malpractice claims) remanded to state court.

Rice claims that ERISA does not preempt the state claim, but does not seem to contest (he has not briefed the issue) that ERISA itself does not provide a remedy.

### Discussion

We begin, as we must, with the ERISA statute, which provides that its provisions "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plans." 29 U.S.C. § 1144(a). Thus, the first issue—does a participant's suit against an employee's health plan, claiming that it is also responsible for the doctors' malpractice, "relate to" the benefit plan?

The Supreme Court has consistently and repeatedly stressed the broad scope of ERISA preemption under the "related to" provision. In *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), the Court held that a cause of action " 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Id.* at 96–97, 103 S.Ct. at 2900. Seven years later, in *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), the Court explained that ERISA preemption was deliberately expansive and rejected language that would have made the preemption clause applicable only to state laws relating to specific subjects covered by ERISA. *Id.* at 138, 111 S.Ct. at 482. The Court stressed that preemption does not depend on how the complaint is styled; rather, preemption occurs if the claim "relates to" an ERISA plan. *Id.* at 138–39, 111 S.Ct. at 482. The claim is then recharacterized as one arising under federal law. *Bartholet v. Reishauer A.G.,* 953 F.2d 1073, 1078 (7th Cir.1992).

The Seventh Circuit has not directly addressed the issue whether ERISA preempts a medical malpractice claim based in vicarious liability against an ERISA plan. But it has concluded that "Congress has blotted out (almost) all state law on the subject of pension, so a complaint about a pension rests on federal law no matter what label its author attaches." *Id.* at 1075. District courts have looked at the issue, but have been divided. We conclude, after a review of these district court opinions, that the *respondeat* claim against PruCare is preempted.

As shown by the complaint, Prucare was the plan's administrator. It was obligated, as part of its contractual duties, to send plan participants a list of independently practicing clinics and physicians who would both treat the participant and who would be paid, at least in part, by the plan. The selection of health care providers directly relates to the core functioning of the plan itself because it is one of the primary duties of the administrator and one of the significant benefits to the participants. The trier of fact would be examining the relationship of the health care providers to the plan and possibly examining the plan's performance in selecting them. If Illinois recognizes a *respondeat superior* liability in this situation and other states do not, the effect on ERISA plans would be uneven and possibly catastrophic. The ERISA plan could be held liable for malpractice by its contractually retained health care providers.

We believe the better reasoned district court opinions have recognized the "relation to" concept protects the plan from claims arising out of the plan's selection of care providers. *Rollo v. Maxicare of Louisiana,* 695 F.Supp. 245 (E.D.La.1988) (preemption because plan's selection of health care providers had the central feature of relating to circumstances of medical treatment); *Bedford v. Duffy,* No. 88–2355 (S.D.Tex.1989) (preemption because alleged negligent selection of health care providers related to the plan, and ERISA preemption was not limited to cases seeking plan benefits); *Altieri v. Cigna Dental Health, Inc.,* 753 F.Supp. 61 (D.Conn.1990) (preemption because indirect but substantial effect on employee benefit plan); *Visconti v. U.S. Health Care,* 857 F.Supp. 1097 (E.D.Pa.1994); *Dukes v. U.S. Health Care Sys.,* 848 F.Supp. 39 (E.D.Pa. 1994).

The Plaintiffs argue, however, that the Supreme Court has recognized that some "run of the mill" state causes of action (such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan) are not preempted even though such claims could "affect" the plan. *Mackey v. Lanier Collection Agency & Serv., Inc.,* 486 U.S. 825, 833, 108 S.Ct. 2182, 2187, 100 L.Ed.2d 836 (1988). Plaintiff contends that his action is just such a "run of the mill" tort action. It does not concern itself with operation or administration of the plan, and any "relation to" is tenuous at best. Plaintiff finds solace in a recent decision by Judge Holderman of this district, which found the state medical malpractice action against health care providers and a vicarious liability claim against the ERISA plan to be improperly removed to federal court. *Smith v. HMO Great Lakes,* 852 F.Supp. 669 (N.D.Ill.1994). We believe their argument is unavailing. Rice's claim goes to the very heart of the ERISA plan. While it does not seek benefits, it seeks to impose liability on the plan because of obligations it undertook with Rice's employer (Handy Andy) and because of contracts it entered into with health care providers in order to fulfill those obligations. Aside from seeking benefits, it is hard to imagine any claim more dependant on or related to the employee benefit plan. Rice's injury arises out of an allegedly improper administration of the plan and as such must be preempted. *See Settles v. Golden Rule Ins. Co.,* 927 F.2d 505 (10th Cir.1991). The Seventh Circuit in *Pohl v. National Benefits Consultants, Inc.,* 956 F.2d 126 (7th Cir.1992), discussed run of the mill tort actions and gave as an example a plan participant slipping on a banana peel in the administrator's office. 956 F.2d at 128. Rice's claim is the antithesis of that example. Accordingly, we respectfully disagree with Judge Holderman's decision in *Smith.* Judge Holderman relied on two district court opinions from the Eastern District of Pennsylvania, *Independence HMO, Inc. v. Smith,* 733 F.Supp. 983 (E.D.Pa.1990), and *Elsesser v. Hospital of Philadelphia College,* 802 F.Supp. 1286 (E.D.Pa.1992), for the prop-

osition that a negligence theory of ostensible or apparent agency of doctors selected by plan is not preempted. Those Pennsylvania decisions have been criticized by a later decision from the same district. *See Dukes v. United States Health Care Sys., supra.* We agree with the rationale of *Dukes* that preemption doctrine includes far more than claims for benefits.

We hold that ERISA preempts Rice's claim based on a *respondeat superior* theory that the health care plan is responsible for the alleged malpractice of health care providers selected by the plan.

■ The remaining issue is whether ERISA itself provides a remedy. Section 1132(a) of 29 U.S.C. provides that an ERISA plan participant may bring a civil action against his plan for refusal to supply information, to recover benefits, to enforce rights, to clarify future rights or benefits, for breach of fiduciary duty, to enjoin acts that violate the plan, and to redress violations. The only possible niche into which Rice's claim might conceivably fall is breach of fiduciary duty. But Rice has not pled this and even if he were to do so, at least two district courts have held that claims like Rice's do not implicate the plan's fiduciary duties. *See Pfefferle v. Solomon,* 718 F.Supp. 1413 (E.D.Wis. 1989); *Pickett v. Cigna Healthplan of Tex., Inc.,* 742 F.Supp. 946 (S.D.Tex.1990). ERISA does not provide a claim to Rice against his plan on his *respondeat superior* theory. As the Seventh Circuit stated in *Lister v. Stark,* 890 F.2d 941, 946 (7th Cir. 1989), *cert. denied,* 498 U.S. 1011, 111 S.Ct. 579, 112 L.Ed.2d 584 (1990) (quoting *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 54, 107 S.Ct. 1549, 1556, 95 L.Ed.2d 39 (1987)):

> The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

Rice is not without remedy. He has a viable malpractice claim against his doctors in the state court. Accordingly, PruCare is dismissed from this action with prejudice. The remainder of the case is remanded to state court. This is a final and appealable order.