*913 OPINION OF THE COURT
Stanley L. Sklar, J.
This case presents the issue of whether claims of negligence and breach of contract arising out of the alleged failure of a health maintenance organization (HMO) to furnish qualified health care providers to those who receive coverage under the HMO’s plan are preempted by the Employee Retirement Security Act of 1974 (ERISA [29 USC § 1001]). I hold that they are.
Defendants Empire Blue Cross-Blue Shield Healthnet and Healthnet (Healthnet) move for an order dismissing plaintiffs’ complaint for failure to state a cause of action and dismissing plaintiffs’ wrongful death claim on the ground that it is time barred.*
This is a medical malpractice action brought against defendants Dr. Mark Raifman, Peninsula Hospital Center and Healthnet. Of these defendants only Healthnet moves for dismissal. Plaintiffs allege that Dr. Raifman, a participating primary care physician in the Healthnet plan (as described below), who was "affiliated” with Peninsula Hospital, rendered medical care to the decedent, Zalette Dalton, from September 8, 1990 to September 16, 1990. Plaintiffs further allege that based on various theories of liability all of the defendants were negligent in the services that were rendered, and as a result decedent became sick, suffered and died on September 16, 1990. The complaint contains five causes of action, only four of which are alleged against Healthnet. The "first” cause of action is for wrongful death resulting from the defendants’ malpractice. The "second” cause of action is based on the failure to obtain the patient’s informed consent. The "fourth” cause of action alleges that Healthnet was negligent in recommending Raifman as a primary care physician and in failing to investigate his qualifications. The "fifth” cause of action is for breach of contract in that Healthnet allegedly violated its agreement to provide competent primary care physicians.
In support of its motion for dismissal of the wrongful death claim based on the Statute of Limitations, Healthnet contends that the action was not commenced on or before September 16, 1992 and is therefore time barred. Plaintiffs controvert this by asserting that the summons and complaint were filed *914 with the clerk of the Supreme Court in New York County on September 15, 1992. A review of the county clerk’s file confirms this. Accordingly, the branch of the motion seeking to dismiss the wrongful death claim on the ground that it is time barred is denied.
Healthnet also contends that it was Empire Blue Cross’ HMO and as such it provided comprehensive health services through a group plan offered to various employers. David Dalton received such health services through his employer, the Bank of New York, and Zalette Dalton as a dependent of David Dalton received such coverage through the plan sponsored by the Bank of New York. Healthnet claims that each person covered under the Healthnet contract selected a primary care physician from a list of Healthnet primary care physicians and, under the agreement with Healthnet, it was the physicians, not Healthnet, who provided health care services.
In support of its motion for dismissal based on the failure to state a cause of action, Healthnet argues that all of plaintiffs’ claims against Healthnet are preempted by ERISA and are precluded by sections 4410 and 2805-d of the New York Public Health Law. The first two causes of action allege claims for wrongful death based on malpractice and/or negligence, and the failure to obtain the patient’s informed consent. The fourth and fifth causes of action sound in negligence (in the administration of the health plan) and breach of contract. Plaintiffs concede that New York law bars the medical malpractice claims asserted against Healthnet. Accordingly, the second cause of action and that part of the first cause of action, to the extent that it is predicated on Healthnet’s vicarious liability for any malpractice committed by others, are dismissed.
Plaintiffs argue that although section 4410 of the Public Health Law bars the medical malpractice claims against an HMO like Healthnet, there are other causes of action in the complaint that are actionable against Healthnet. It is asserted that the crux of plaintiffs’ claim against Healthnet is not for medical malpractice but for its own negligence in selecting Dr. Raifman for its exclusive list of primary care physicians. Plaintiffs further allege a breach of contract and misrepresentation in that "Healthnet violated its agreement and representation that it would recommend and provide to group member David Dalton competent primary care physicians in Queens for treatment of themselves and members of their families.” *915 Plaintiffs assert that these claims against Healthnet are not preempted by ERISA.
This position is not supported by settled principles of relevant case law and causes of action four and five must be dismissed as against Healthnet because they are preempted by ERISA. In addition, to the extent that the wrongful death claim is based on the acts of negligence alleged in the fourth cause of action, that claim must be dismissed as well.
It is uncontroverted that Healthnet is an HMO and it is uncontested that the plan provided by Healthnet to David Dalton and his dependents, as an employee of the Bank of New York, is controlled by ERISA. ERISA is a comprehensive statute designed by Congress to regulate, among other things, employee welfare benefit plans that " 'through the purchase of insurance or otherwise’, provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death.” (Pilot Life Ins. Co. v Dedeaux, 481 US 41, 44 [1987] [citing 29 USC § 1002 (1)].) ERISA § 514 (a) preempts " 'any and all State laws insofar as they may now or hereafter relate to any employee benefit plan’ covered by the statute.” (Mackey v Lanier Collection Agency & Serv., 486 US 825, 829 [1988]; 29 USC § 1144 [a].) This preemption applies to State common-law claims as well as to statutory laws. (Pilot Life Ins. Co. v Dedeaux, supra.)
It was the intent of Congress that the ERISA statute, insofar as preemption is concerned, be construed broadly (Pilot Life Ins. Co. v Dedeaux, supra, at 47; FMC Corp. v Holliday, 498 US 52 [1990]) to avoid a "patchwork scheme of [State] regulation.” (Fort Halifax Packing Co. v Coyne, 482 US 1, 11 [1987].) Illustrative of this intent is the holding that even the absence of a remedy will not prevent the application of the ERISA preemption clause in appropriate circumstances. (Corcoran v United Healthcare, 965 F2d 1321, 1333 [5th Cir 1992], cert denied 113 S Ct 812.) The principle that ERISA preemption will be applied broadly has its limits, however. For indeed, "run-of-the-mill” State law claims would not be preempted by ERISA. (Mackey v Lanier Collection Agency, supra, at 833.) State claims that have a tenuous or remote connection are not preempted. (Aetna Life Ins. Co. v Borges, 869 F2d 142 [2d Cir 1989], cert denied 493 US 811; see, Pohl v National Benefits Consultants, 956 F2d 126, 128 [7th Cir 1992] [a plan participant slipping on a banana peel in the plan administrator’s office while inquiring about coverage is a run-of-the-mill case which would not be preempted]; Mackey v *916 Lanier Collection Agency, supra, at 833 [lawsuits against ERISA plans for unpaid rent or for a failure to pay creditors are not preempted].)
In deciding the issue of ERISA preemption the critical determination to be made is whether the common-law causes of action " 'relate to’ an employee benefit plan and therefore fall under ERISA’s express preemption clause.” The phrase "relate to” is given a "broad common sense” meaning in the normal sense of the word, i.e., does it have a connection with or reference to such a plan. (Pilot Life Ins. Co. v Dedeaux, supra, 481 US, at 47.) "[A] state law may 'relate to’ a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect.” (Ingersoll-Rand Co. v McClendon, 498 US 133, 138 [1990]; Pomeroy v Johns Hopkins Med. Servs., 868 F Supp 110, 112 [D Md 1994].) A lawsuit will "relate to” an ERISA plan if it " 'provide[s] remedies for misconduct growing out of the administration of the ERISA plan.’ ” (Airparts Co. v Custom Benefit Servs., 28 F3d 1062, 1064-1065 [10th Cir 1994].)
The fourth and fifth causes of action agaitist Healthnet sound in negligence and breach of contract respectively. It is claimed that Healthnet was negligent in the manner in which it evaluated, investigated and included Dr. Raifman as one of its primary care providers. The first cause of action for wrongful death appears to be based in part on this negligence claim. Healthnet also allegedly breached its contract in. that it had agreed to include only competent doctors in its list of primary care physicians.
These types of claims deal with the services provided by the HMO under the employee benefit plan and as such they directly relate to the plan and are, therefore, preempted by ERISA. (Smith v Dunham-Bush, Inc., 959 F2d 6 [2d Cir 1992] [breach of contract and negligent misrepresentation arising out of oral promises by employer as to pension-related health benefits preempted]; Nealy v US Healthcare HMO, 844 F Supp 966 [SD NY 1994] [relying on Altieri v Cigna Dental Health, infra, found that claims of breach of contract and misrepresentation dealing directly with the terms of health plan are preempted]; Altieri v Cigna Dental Health, 753 F Supp 61 [D Conn 1990] [ERISA preempts plaintiff’s claims of negligence, misrepresentation, and breach of contract against dental health care provider for failure to investigate competence of participating dentist]; see generally, Pomeroy v John Hopkins Med. Servs., supra; Visconti v US Health Care, 857 F Supp *917 1097 [ED Pa 1994] [claim of negligence in the selection of health care providers is preempted]; Kearney v US Healthcare, 859 F Supp 182 [plaintiffs claims of misrepresentation with respect to the competence of its health care provider and negligence in the selection of that provider are preempted]; Elsesser v Hospital of Philadelphia Coll, of Osteopathic Medicine, 802 F Supp 1286, 1291-1292 [ED Pa 1992] [claims of misrepresentation and breach of contract based on the qualifications of the health care providers are preempted]; Rice v Panchal, 875 F Supp 471, 473 [ND 111 1994] [the selection by the plan of the health care providers "directly relates to the core functioning of the plan itself’].)
As was found to be the case in Nealy (supra), the court will be required to scrutinize the "very existence and core of the plan” and how the benefits were "administered” by the HMO. This is the very type of claim that Congress wanted to remove from the States’ jurisdiction. (Supra, at 972.) Therefore, the fourth and fifth causes of action and the balance of the first cause of action must be dismissed as against Healthnet.
Accordingly, it is ordered that defendant Healthnet’s motion for an order dismissing the complaint as against it is granted.

 The parties stipulated to discontinue with prejudice all cross claims asserted by defendants Peninsula Hospital Center and Dr. Mark Raifman against Healthnet.