PACIFICARE OF OKLAHOMA, INC., Petitioner,

v.

Honorable Michael BURRAGE, United States District Court for the Northern District of Oklahoma, Respondent,

Clare Davidson Schachter, as Personal Representative of the Estate of Barbara Jean Davidson, Deceased, and Clare Davidson Schachter, individually, for and on behalf of Clare Davidson Schachter, Jack Davidson and Jill Davidson Rooney, as surviving children of Barbara Jean Davidson, Deceased, Real Party in Interest.

No. 95–5064.

United States Court of Appeals, Tenth Circuit.

July 11, 1995.

**152**

Reuben Davis, Kimberly Lambert Love, R. Tom Hillis, of Boone, Smith, Davis, Hurst & Dickman, Tulsa, OK, for petitioner Pacificare of Oklahoma, Inc.

Fred E. Stoops, Sr., John M. Schroeder, Brad Smith, of Richardson & Stoops, Tulsa, OK, for Real Party In Interest.

Before ANDERSON, BRORBY, and HENRY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

This matter concerns a malpractice action originally filed in state court. Pacificare of Oklahoma, Inc., a health maintenance organization (HMO) and one of the named defendants, removed the action to federal court, stating the state law claims are preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1144(a). The district court concluded that ERISA preempts only one of plaintiff's three claims. The court dismissed the preempted claim and remanded the other two claims to state court, pursuant to 28 U.S.C. § 1367(c)(3).[1]

Pacificare seeks a writ of mandamus directing the district court judge to rescind his order remanding the two claims to state court and to decide that those claims are preempted by ERISA. Pacificare argues mandamus should issue because mandamus may be the only method by which this court will be able to review these important issues of ERISA preemption. The remanded claims allege that Pacificare is (1) vicariously liable for the medical malpractice of Dr. Goen, a Pacificare primary care physician and alleged agent of Pacificare, and (2) vicariously and directly liable for loss of consortium for the wrongful death that resulted from Dr. Goen's malpractice.

■ The district court's remand order is reviewable. Although remand orders under 28 U.S.C. § 1447(c), (d), are not generally reviewable, the district court did not remand pursuant to these sections. The district court had federal question jurisdiction over the claim it found preempted by ERISA and had supplemental jurisdiction over the remaining claims, pursuant to 28 U.S.C. § 1367(a). The district court made a discretionary decision under § 1367(c)(3) not to exercise supplemental jurisdiction over the remaining claims. "A remand based on a

---

1. Section 1367(c)(3) states: "The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction...."

district court's perceived discretion is not" treated as a remand under § 1447(c). *Albertson's, Inc. v. Carrigan*, 982 F.2d 1478, 1480 (10th Cir.1993). Therefore, this court has authority to review the remand order. *Id.*

■ Review by mandamus also is appropriate. "[B]ecause an order remanding a removed action does not represent a final judgment reviewable by appeal, '[t]he remedy in such a case is by mandamus to compel action, and not by writ of error to review what has been done.' " *Id.* (quoting *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 352–53, 96 S.Ct. 584, 593–94, 46 L.Ed.2d 542 (1976)) (further quotation and citation omitted) (alterations in original).

■ Mandamus may be used "to compel a district court to exercise its jurisdiction when it has a duty to do so." *Id.* Mandamus "will issue only in those exceptional cases where the inferior court has acted wholly without jurisdiction or so clearly abused its discretion as to constitute a judicial usurpation of power." *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 911 F.2d 380, 387 (10th Cir.1990). The party seeking the writ must show that the right to the writ is "clear and indisputable." *Id.* (citation omitted). This court looks to the following nonconclusive guidelines to determine whether to grant the writ:

"*First*, the party seeking the writ has no other adequate means to secure the relief desired. *Second*, the petitioning party will be damaged or prejudiced in a way not correctable on appeal. *Third*, the district court's order constitutes an abuse of discretion. . . . *Fourth*, the district court's

order represents an often repeated error and manifests a persistent disregard of federal rules. *Fifth*, the district court's order raises new and important problems or issues of law of the first impression." *Id.* (quoting *Dalton v. United States (In re Dalton)*, 733 F.2d 710, 717 (10th Cir.1984), *cert. dismissed*, 469 U.S. 1185, 105 S.Ct. 947, 83 L.Ed.2d 959 (1985)) (alteration in original).

### Malpractice Claim

There is no question that the district court's order raises an issue of first impression. No circuit has decided whether ERISA preempts a claim that an HMO is vicariously liable for alleged malpractice of one of its physicians, and the district courts are divided on the issue.[2] As one district court observed, "the split among courts exemplifies the difficulty [of] this preemption issue." *Haas v. Group Health Plan, Inc.*, 875 F.Supp. 544, 547 (S.D.Ill.1994); *see also Kearney v. U.S. Healthcare, Inc.*, 859 F.Supp. 182, 185 (E.D.Pa.1994) (stating it is evident that "reasonable and capable people may differ" over this question of preemption). We conclude that the district court correctly decided that ERISA does not preempt the medical malpractice claim.

■ This court reviews de novo the district court's determination that ERISA preempts a state law claim. *Airparts Co. v. Custom Benefit Servs. of Austin, Inc.*, 28 F.3d 1062, 1064 (10th Cir.1994). ERISA preempts state laws that "relate to" employee benefit plans. 29 U.S.C. § 1144(a). There is no dispute here that the medical malpractice claim is based on state law and that Pacificare's plan is an employee benefit

---

**2.** *See Pomeroy v. Johns Hopkins Medical Servs., Inc.*, 868 F.Supp. 110, 113–14 (D.Md.1994) (holding ERISA preempts medical malpractice claim against HMO based on vicarious liability); *Visconti ex rel. Visconti v. U.S. Health Care*, 857 F.Supp. 1097, 1102–05 (E.D.Pa.1994) (same); *Dukes v. U.S. Health Care Sys. of Pa., Inc.*, 848 F.Supp. 39, 42–43 (E.D.Pa.1994) (same); *Nealy v. U.S. Healthcare HMO*, 844 F.Supp. 966, 972–73 (S.D.N.Y.1994) (same); *Ricci v. Gooberman*, 840 F.Supp. 316, 317 (D.N.J.1993) (same). *But see Jackson v. Roseman*, 878 F.Supp. 820, 826 (D.Md.1995) (holding ERISA does *not* preempt medical malpractice claim against an HMO based on a vicarious liability or ostensible agency

theory); *Haas v. Group Health Plan, Inc.*, 875 F.Supp. 544, 548 (S.D.Ill.1994) (same); *Dearmas v. Av–Med, Inc.*, 865 F.Supp. 816, 818 (S.D.Fla. 1994) (same); *Kearney v. U.S. Healthcare, Inc.*, 859 F.Supp. 182, 186–88 (E.D.Pa.1994) (same); *Burke v. Smithkline Bio–Science Labs.*, 858 F.Supp. 1181, 1184 (M.D.Fla.1994) (same); *Paterno v. Albuerne*, 855 F.Supp. 1263, 1263–64 (S.D.Fla.1994) (same); *Smith v. HMO Great Lakes*, 852 F.Supp. 669, 671–72 (N.D.Ill.1994) (same); *Elsesser v. Hospital of Philadelphia College of Osteopathic Medicine*, 802 F.Supp. 1286, 1290 (E.D.Pa.1992) (same); *Independence HMO, Inc. v. Smith*, 733 F.Supp. 983, 988 (E.D.Pa. 1990) (same).

plan. The issue is whether the medical malpractice claim "relates to" the Pacificare plan.

"A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983). "'There is no simple test for determining when a law "relates to" a plan.'" *Airparts Co.*, 28 F.3d at 1064 (quoting *National Elevator Indus., Inc. v. Calhoon*, 957 F.2d 1555, 1558 (10th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 406, 121 L.Ed.2d 331 (1992)). This court has identified the following four categories of laws which relate to an employee benefit plan:

> "First, laws that regulate the type of benefits or terms of ERISA plans. Second, laws that create reporting, disclosure, funding, or vesting requirements for ERISA plans. Third, laws that provide rules for the calculation of the amount of benefits to be paid under ERISA plans. Fourth, laws and common-law rules that provide remedies for misconduct growing out of the administration of the ERISA plan."

*Id.* at 1064–65 (quoting *National Elevator*, 957 F.2d at 1558–59) (further quotation omitted).

 Plaintiff, who was asked to respond to the mandamus petition as the real party in interest, argues that the malpractice claim is not preempted because it is a law of general application which does not affect the structure, administration, or benefits provided by the plan. The effect a state law has on a plan may be "too tenuous, remote, or peripheral" to conclude that the law relates to the plan. *Shaw*, 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21. ERISA does not preempt "'laws of general application—not specifically targeting ERISA plans—that involve traditional areas of state regulation and do not affect relations among the principal ERISA entities.'" *Airparts Co.*, 28 F.3d at 1065 (quoting *National Elevator*, 957 F.2d at 1559) (further quotation and citation omitted). "As long as a state law does not affect the structure, the administration, or the type of benefits provided by an ERISA plan, the mere fact that the [law] has some economic impact on the plan does not require that the [law] be invalidated." *Id.* (quotation and citation omitted) (alteration in original). "Ultimately, if there is no effect on the relations among the principal ERISA entities—the employer, the plan, the plan fiduciaries, and the beneficiaries—there is no preemption." *Id.* That a plan is potentially liable for a judgment "is not enough to relate the action to the plan." *Id.*

Following what appears to be the majority view, the district court concluded that the medical malpractice claim against the HMO does not sufficiently relate to the plan so as to warrant preemption. The district court reasoned that the issue of the doctor's negligence can be resolved without reference to the plan. Instead, that issue "'require[s] ... evidence of what transpired between the patient and physician and an assessment of whether in providing admittedly covered treatment or giving professional advice the physician possessed and utilized the knowledge, skill and care usually had and exercised by physicians in his community or medical specialty.'" *Schachter v. Pacificare of Okla., Inc.*, No. CIV–94–C–203, slip op. at 6 (N.D.Okla. Mar. 16, 1995) (quoting *Kearney*, 859 F.Supp. at 186). As for whether Pacificare held Dr. Goen out as its agent, the district court reasoned that any reference to the plan to resolve that issue does not implicate the concerns of ERISA preemption. According to the district court, the malpractice action "does not involve a claim for benefits, a claim to enforce rights under the benefit plan or a claim challenging administration of the benefit plan." *Id.* The action "simply involves a claim that the deceased received allegedly negligent treatment from a doctor who was 'held out' by the health maintenance organization as its agent." *Id.* The effect of the malpractice action on the plan, the court concluded, is "'too tenuous, remote, or peripheral ... to warrant a finding that the law "relates to" the plan.'" *Id.* (quoting *Shaw*, 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21).

Courts reaching the opposite conclusion, generally, have reasoned that a vicarious liability malpractice claim concerns the delivery of benefits under the plan and the claim requires examination of the plan to deter-

mine obligations owed under the plan and the relationship between the plan and plan doctors. *See e.g., Pomeroy,* 868 F.Supp. at 113–14 (summarizing cases). As one court put it:

> [A] medical malpractice claim against an HMO, whether couched in direct or vicarious liability terms relates to the benefit plan. One who enrolls in an HMO is assured of medical services of a given extent and quality. A malpractice claim asserts the services provided did not measure up to the benefit plan's promised quality. The question is one of relating plan-performance to plan-promise, and is therefore pre-empted by ERISA.

*Dukes,* 848 F.Supp. at 42 (footnote omitted).

As the district court observed, the present claim does not involve the administration of benefits or the level or quality of benefits promised by the plan; the claim alleges negligent care by the doctor and an agency relationship between the doctor and the HMO. *See Jackson* 878 F.Supp. at 826; *Haas,* 875 F.Supp. at 548. Just as ERISA does not preempt the malpractice claim against the doctor, it should not preempt the vicarious liability claim against the HMO if the HMO has held out the doctor as its agent. *See Haas,* 875 F.Supp. at 548 ("[W]hen an HMO plan elects to directly provide medical services or leads a participant to reasonably believe that it has, rather than simply arranging and paying for treatment, a vicarious liability medical practice claim based on substandard treatment by an agent of the HMO is not preempted."). We agree with the district court that reference to the plan to resolve the agency issue does not implicate the concerns of ERISA preemption. *See id.* at 548–49. Therefore, the district court did not abuse its discretion in remanding the claim to state court.

### Loss of Consortium Claim

Plaintiff's loss of consortium claim incorporates the other two claims from her complaint that Pacificare is vicariously liable for Dr. Goen's malpractice and is directly liable for its negligent and fraudulent administration of the plan. A loss of consortium claim against an HMO alleging negligent or fraudulent administration of the plan is preempted by ERISA. *See Nealy v. U.S. Healthcare HMO,* 844 F.Supp. 966, 974 (S.D.N.Y.1994); *Dearmas v. Av–Med, Inc.,* 814 F.Supp. 1103, 1107 (S.D.Fla.1993). However, to the extent plaintiff's loss of consortium claim is based on her allegation that Pacificare is vicariously liable for the wrongful death of her mother, that claim is not preempted by ERISA for the reasons stated above. Therefore, the district court acted within its discretion in remanding the loss of consortium claim to state court.

The petition for writ of mandamus is DENIED.