**Filed 2/21/96**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————

PRUDENTIAL HEALTH CARE PLAN INC., and )
PRUDENTIAL INSURANCE COMPANY OF )
AMERICA, )
           )
       Plaintiffs-Appellants, )
           )
v. )     Nos. 95-6255
           ) (D.C. No. CIV-94-0523-W)
RICHARD E. LEWIS and WANDA LEWIS, )     (W.D. Okla.)
           )
       Defendant-Appellee. )

———————————

**ORDER AND JUDGMENT**[*]
———————————

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

———————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Richard and Wanda Lewis brought charges in state court alleging The Prudential Health Care Plan, Inc. and the Prudential Insurance Company of America (collectively "PruCare") were liable

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 10th Cir. R. 36.3.

under a vicarious or ostensible agency theory for the alleged negligence of several physicians who failed to detect a malignant lesion on Mr. Lewis' rectum. PruCare filed suit in federal court seeking a declaratory judgment that Mr. and Mrs. Lewis' claims in the state court were preempted and governed by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461. The district court denied PruCare's motion for summary judgment and granted Mr. and Mrs. Lewis' cross motion for summary judgment holding that their vicarious liability or ostensible agency claim is not preempted by the Employee Retirement Income Security Act. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

PruCare appeals claiming: 1) Mr. and Mrs. Lewis' vicarious liability claim is barred under circuit precedent; 2) the terms of the plan in this case govern Mr. and Mrs. Lewis' vicarious liability claim; and 3) the Employee Retirement Income Security Act permits PruCare to enforce the terms of the plan against Mr. and Mrs. Lewis.

We review de novo the district court's determination whether the Employee Retirement Income Security Act preempts a state law claim. *Airparts Co. v. Custom Benefits Servs. of Austin, Inc.*, 28 F.3d 1062, 1064 (10th Cir. 1994).

All three of PruCare's issues on appeal rely on *Straub v. Western Union Telegraph Co.*, 851 F.2d 1262 (10th Cir. 1988). PruCare attempts to stretch the meaning of *Straub* and its progeny to bar Mr. and Mrs. Lewis from bringing their vicarious liability claim in state court. *Straub*'s holding, however, is inapplicable to the issue in the case at bar. In *Straub*, a retiree brought a breach of

contract action against his former employer for pension plan benefits. The court found the breach of contract claims "related to" the plan and were preempted by the Employee Retirement Income Security Act. *Id.* at 1264. PruCare attempts to use language in *Straub* dealing with the application of the Employee Retirement Income Security Act to the substance of the retiree's claim to argue that preemption exists in the case at bar. We are not persuaded by this argument.

In *Straub*, the court held "no liability exists under ERISA for purported oral modifications of the terms of an employee benefit plan." *Id.* at 1265. *Straub*'s discussion hinges on the court's earlier determination that the Employee Retirement Income Security Act preempts the retiree's state law claims and therefore governs the issues before the court. We do not find that to be so in the case at bar.

Instead, we find our recent decision in *Pacificare of Oklahoma, Inc. v. Burrage*, 59 F.3d 151 1555 (10th Cir. 1995), dispositive of this appeal. The facts in *Pacificare* are analogous to those in the case at bar. Both cases deal with parties seeking to hold a Health Maintenance Organization vicariously liable for the medical malpractice of a doctor who was allegedly an agent of the plan. "Just as ERISA does not preempt the malpractice claim against the doctor, it should not preempt the vicarious liability claim against the HMO if the HMO has held out the doctor as its agent." *Id.* at 155. The *Pacificare* court reached this result after finding that a medical malpractice claim does not "relate to" the employee benefit plan. The court specifically held that "reference to the plan to resolve that issue does not implicate the concerns of ERISA preemption." *Id.* PruCare's factual arguments that the plan prevents the establishment of an agency relationship between it and the

doctors concerns whether vicarious liability attaches, not whether the state claim is preempted by federal law.

The district court's order is **AFFIRMED**.

**Entered for the Court:**

_____
**WADE BRORBY**
United States Circuit Judge