49 F.Supp.2d 1145 (1999)
Ronald THOMPSON, Plaintiff,
v.
GENCARE HEALTH SYSTEMS, INC., Defendant.
No. 4:96CV615-DJS.
United States District Court, E.D. Missouri, Eastern Division.
April 22, 1999.
*1146 John S. Wallach, Nanci H. Martin, Hoffman and Wallach, St. Louis, MO, Michael A. Gross, St. Louis, MO, for Ronald Thompson, Plaintiff Ad Litem, plaintiff.
Alene V. Haskell, Mark A. Smith, Husch and Eppenberger, St. Louis, MO, for GenCare Health Systems, Inc., a Missouri Corporation, defendant.

ORDER
STOHR, District Judge.
Plaintiff Ronald Thompson is the surviving spouse of Linda Thompson, who died on March 2, 1994 of breast cancer. Defendant GenCare Health Systems, Inc. is an employee health benefit plan in which Ronald and Linda Thompson were participants. Count I of the petition alleges that the negligence of defendant led to decedent's death and deprived her of a chance of recovery or survival. The facts alleged refer both to defendant as a health care provider and to defendant's rejection of treatment recommendations of decedent's treating physicians. Count II asserts a claim for plaintiff's loss of consortium. The action was originally filed in the Circuit Court of St. Louis County, and was removed by defendant to this Court based on the assertion that plaintiff's claims are completely preempted by the federal Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., because they relate to benefits claimed under an employee benefit plan governed by ERISA. The matter is now before the Court on plaintiff's motion to remand and defendant's motion for judgment on the pleadings or for summary judgment, both of which present the issue whether plaintiff's claims are in fact preempted by ERISA.
With some exceptions not at issue here, ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" governed by ERISA. 29 U.S.C. § 1144(a). Although state law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan," Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-7, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), the phrase "relate to" does not "extend to the furthest stretch of its indeterminacy." New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 655, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995). Where applicable, ERISA preemption is complete, such that "an ERISA preemption defense provides a sufficient basis for removal ... notwithstanding the traditional limitation imposed by the `well-pleaded complaint' rule." Ingersoll-Rand v. McClendon, 498 U.S. 133, 145, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990).
*1147 Plaintiff's claims arise from defendant's denial of benefits for a bone marrow transplant as part of an intensive treatment program for Linda Thompson's breast cancer, ostensibly on the grounds that defendant deemed such a transplant to be "investigational" and not medically appropriate. Pltf.Memo. in Opp. [Doc. # 36], p. 3. The Court questions whether an ERISA plan's denial of benefits assertedly based upon medical opinion constitutes the rendering of medical advice or treatment as necessary for a medical malpractice action. Regardless, in the Court's view, existing precedent of the Eighth Circuit requires the conclusion that plaintiff's claims are preempted.
In Kuhl v. Lincoln National Health Plan, 999 F.2d 298 (8th Cir.1993), the Eighth Circuit affirmed dismissal of state law claims of medical malpractice, emotional distress, tortious interference with contract and breach of contract asserted by the surviving family of an ERISA plan beneficiary, holding that they were preempted by ERISA. Recognizing that the malpractice claim asserted that the defendant "committed medical malpractice because it assumed the role of [the decedent's] physician by making decisions about proper medical treatment," the Eighth Circuit nonetheless agreed with the district court that the claims were based on "the manner in which [defendant] responded to the request for `pre-certification' of ... heart surgery" and the refusal to pay for the surgery. Id. at 302-03.
The same is true in the case at bar. The gravamen of the complaint is plaintiff's disagreement with defendant's determination that the bone marrow transplant was not medically necessary or appropriate for the decedent's condition.[1] The context of defendant's determination was consideration of a request for benefits to pay for the procedure, and the result was a denial of the request. Whether or not such a determination constitutes medical treatment of the decedent, as in Kuhl "the decision not to precertify payment relates directly to [defendant's] administration of benefits" and so gives rise to preemption by ERISA. Id. at 303. Plaintiff's loss of consortium claim is also based on assertions about wrongful administration of the plan, and is likewise preempted. Pacificare of Oklahoma, Inc. v. Burrage, 59 F.3d 151, 155 (10th Cir.1995).
The parties do not suggest that plaintiff might replead his claim under ERISA, and so appear to concede that ERISA affords no available remedy on the facts presented. Such a conclusion is consistent with a number of decisions in analogous cases, which also support the Court's preemption determination. See, e.g., Bast v. Prudential Ins. Co. of America, 150 F.3d 1003, 1009-11 (9th Cir.1998); Turner v. Fallon Community Health Plan, Inc., 127 F.3d 196, 199-200 (1st Cir.1997); Cannon v. Group Health Service, 77 F.3d 1270, 1274 (10th Cir.1996); Tolton v. American Biodyne, Inc., 48 F.3d 937, 943 (6th Cir.1995). This Court joins the number of courts which have lamented the questionable public policy resulting in a lack of remedy in such cases. See, e.g., Bast, 150 F.3d at 1011; Cannon, 77 F.3d at 1271. As others have noted, action by Congress is necessary to avoid this unfortunate and repeated legal result in cases even of tragic circumstances. Bast, 150 F.3d at 1011; Turner, 127 F.3d at 200. Under current law, plaintiff's claims are subject to summary judgment as preempted by ERISA.
Accordingly,
IT IS HEREBY ORDERED that plaintiff's motion to remand [DOC. # 28] is denied.
*1148 IT IS FURTHER ORDERED that defendant's motion for judgment on the pleadings or, in the alternative, for summary judgment [Doc. # 35] is granted.

JUDGMENT
Pursuant to the order entered herein this day,
IT IS HEREBY ORDERED, ADJUDGED and DECREED that summary judgment is entered in favor of defendant and against plaintiff on all claims asserted in plaintiff's complaint.
NOTES
[1] Plaintiff attempts to liken the facts and claims of this case to assertions of malpractice against a treating physician employed by an HMO. The facts here are distinguishable. As in Kuhl, defendant is an "independent physician" model plan, under which individual treating physicians are independent contractors. Plaintiff does not allege malpractice by her own treating physicians, Dr. Needles and Dr. Spitzer. Instead, her claims are based on defendant's reliance upon medical opinions it received from physicians it consulted concerning plaintiff's request for benefits for a bone marrow transplant.